SMITH v. UNITED STATES et al.

United States District Court S. D. New York.

June 26, 1951.

Robert Feingold, Brooklyn, proctor for libelant.

Irving H. Saypol, U. S. Atty., Tompkins, Boal & Tompkins, New York City, A. N. Boal, New York City, of counsel, proctors for respondents.

WRIGHT, District Judge.

The issues of fact and law in the above entitled suit having duly come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, I now find and decide as follows:

Findings of Fact

1. On March 27, 1946 the libelant signed shipping articles on the usual form provided by the United States Coast Guard for agreement between the master and seamen in the merchant service of the United States for service aboard the merchant vessel SS Plymouth Victory in the capacity of cattleman at the rate of pay of 1¢ per day. R. M. Petermann signed the shipping articles as Master of the SS Plymouth Victory and as agent for the respondent, United States of America, the owner and operator of the vessel.

2. The SS Plymouth Victory during the voyage in question carried a cargo of horses for the United Nations Relief and Rehabilitation Administration to Danzig, Poland. In addition to her regular crew the SS Plymouth Victory carried some thirty cattlemen, whose duty it was to tend the horses during the voyage. Libelant was one of these cattlemen.

3. The SS Plymouth Victory returned to the United States on April 27, 1946 and anchored in the harbor outside Norfolk, Virginia. At the time a pilot's ladder, sometimes called a Jacob's ladder, was rigged over the side of the vessel to serve

as a means of ingress and egress. There was no other means provided for boarding or leaving the vessel as she lay at anchor outside Norfolk.

4. While the SS Plymouth Victory lay at anchor outside Norfolk a water taxi came alongside to take ashore any persons who were going ashore. The libelant along with other members of the crew and cattlemen was lined along the bulwark of the vessel near the ladder waiting to go ashore. Libelant was the first to go over the ship's bulwark on to the ladder preparatory to descending. As libelant's weight was placed on the first or second step of the ladder, some two or three feet of slack in the ladder paid out throwing libelant off the ladder and on to the deck of the water taxi some thirty-five feet below.

5. Libelant sustained a compound comminuted supracondylar fracture of the right humerus with anterior displacement of the distal fragment, which required several operations, and as a result of which there is an osteoperosis of the bones involving the elbow joint and a general roughening of the lower third of the humerus, and an irregularity and deformity at the site of the fracture, with angulation or bowing, all resulting in a bone block, and an operative scar over the lateral aspect of the lower half of the right arm measuring six inches long, and another scar on the posterior aspect over the back of the elbow and just above the elbow measuring 1⅓ inches long, which latter scar is adherent to the underlying bony structure, causing a redundancy of skin in the nature of a fold just above it, and the said elbow is ankylosed in a position of 135 degrees flexion, all with marked atrophy of the entire right arm and forearm, and swelling, with a permanent loss of use of the elbow and elbow joint to the extent of 50%. As a result of the injury to the forearm and elbow joint the right shoulder has become affected. The libelant also sustained a fracture of the right calcaneous; multiple abrasions of the skin, and a comminuted fracture of the posterior portion of the right oscalcis; a fracture of the zygomatic arch, with a resulting irregularity in the region of the right zygoma, and there is a ptosis of the right upper eyelid; and a cerebral concussion. Libelant also sustained an injury to the tendons of the right foot requiring an excision of a fibroma; and other injuries.

6. Libelant was hospitalized in the United States Marine Hospital, Norfolk, Virginia, from April 27th, 1946 to May 21st, 1946; again from September 16th, 1946 to March 19th, 1947; and was re-admitted on May 19th, 1947 and discharged June 2nd, 1947. He was treated at Outpatient Division June 11th and 12th, 1946, July 6th, 1946, and September 11th, 1946.

Conclusions of Law

█ 1. This court has jurisdiction over the subject matter of this suit and the venue is properly laid in the Southern District of New York. 46 U.S.C.A. § 742.

█ 2. Respondent failed to furnish libelant with a safe place to work and must be held responsible for any damages to libelant which resulted from respondent's failure to comply with its obligation in this regard.

3. Respondent was negligent in providing an unsafe means of egress from the vessel. This negligence was the proximate cause of libelant's injury. Libelant was not guilty of contributory negligence.

4. Libelant is entitled to recover for his pain and suffering and for his permanent and other injuries he sustained as a result of the accident which occurred on April 27th, 1946 aboard the SS Plymouth Victory.

█ 5. Libelant is entitled to recover the sum of $15,000.00 on his first cause of action, in addition to maintenance at the rate of $6 per day from May 22nd, 1946 through September 15th, 1946 and from March 20th, 1947 through May 18th, 1947, or a total of $1062.00 on his second cause of action.

Let a decree be prepared in accordance with these findings.